1   Arnold D. Larson, Esq., (State Bar No. 77118)
2   Mary P. Lightfoot, Esq., (State Bar No. 137477)
    Darren M. Ballas, Esq., (State Bar No 198584)
3   **LARSON, GARRICK & LIGHTFOOT, LLP**
    801 S. Figueroa Street, Suite 1750
    Los Angeles, California  90017
4   Tel: (213) 404-4100 / Fax: (213) 404-4123

5   Attorneys for Defendant, STARBUCKS CORPORATION

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  RAFI HAROUTOUNIAN,                    CASE NO.:

12            Plaintiff,                  (Removed from Los Angeles Superior
                                          Court Case No. BC649623)
13       vs.

14  STARBUCKS CORPORATION AND             Judge:
    DOES 1-100, inclusively
15                                        **NOTICE OF REMOVAL OF CIVIL
                                          ACTION PURSUANT TO
16            Defendants.                 28 U.S.C., SECTION 1441(b)
                                          (DIVERSITY JURISDICTION)**
17

18
                                          Complaint Filed:  February 21, 2017
19

20

21  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

22       **PLEASE TAKE NOTICE** that Defendant, STARBUCKS CORPORATION

23  (hereafter "STARBUCKS," "Defendant," or "Petitioner") hereby removes to this

24  Honorable Court, the State Court action described below:

25       1.   On February 21, 2017, an action was commenced in the Superior

26  Court of the State of California for the County of Los Angeles, entitled *Rafi*

27  *Haroutounian,* Plaintiff, vs. *Starbucks Corporation, et al.,* Defendants, as Case No.

28  BC649623.   Besides Defendant, STARBUCKS, all other Defendants are fictitious

1  "DOE" defendants.  A true and correct copy of the Summons and Complaint for
2  said action is attached hereto as **Exhibit "A."**

3     2.     Defendant, STARBUCKS was first served with the Summons and
4  Complaint via personal service on its California agent for service of process,
5  Corporation Service Company, on February 27, 2017.  Defendant filed its Answer
6  on March 28, 2017.  A true and correct copy of said Answer is attached hereto as
7  **Exhibit "B."**

8     3.     The Court has original jurisdiction under 28 U.S.C., Section 1332 over
9  this civil action, which may be removed to this Court by Petitioner pursuant to the
10 provisions of 28 U.S.C., Section 1441(b), in that the matter in controversy exceeds
11 the sum of $75,000, exclusive of interest and costs, and is between citizens of
12 different states. The jurisdictional facts are described further below:

13    4.     The amount in controversy exceeds $75,000.00 because a Statement of
14 Damages served with the Complaint on February 27, 2017, indicates that Plaintiff,
15 RAFI HAROUTOUNIAN seeks in excess of $1,110,000.00 in "general" and
16 "economic" damages, as well as "medical expenses," "future medical expenses"
17 and "loss of earnings." Consequently, if Plaintiff is able to prevail on his asserted
18 claims, it is more likely than not that the total amount of damages would exceed
19 $75,000.00.  Here, Plaintiff seeks compensatory damages according to proof. A true
20 and correct copy of said Statement of Damages is attached hereto as **Exhibit "C."**

21    5.     There is complete diversity of citizenship in that: (1) Plaintiff, RAFI
22 HAROUTOUNIAN is, and was at the time of filing of the Complaint, a citizen of
23 the **State of California**; (2) Defendant, STARBUCKS is, and was at the time of the
24 filing of the Complaint, a corporation, organized pursuant to the laws of the **State**
25 **of Washington**, and has its principal place of business in the City of Seattle in the
26 **State of Washington**.

27 / / /

28 / / /

LARSON, GARRICK
& LIGHTFOOT, LLP

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C., SECTION 1441(b)

6.     Defendant, STARBUCKS is not a citizen of the State of California. Thus, Defendant should be considered for diversity purposes a citizen of states other than the State of California.

7.     For purposes of removal, the citizenship of DOE defendants is to be disregarded.  28 U.S.C., Section 1441(a).

8.     This Petition is filed within thirty (30) days after Petitioner's discovery of the removability of this case, pursuant to 28 U.S.C., Section 1446, and within one year after the commencement of the action. Accordingly, the time for filing this Petition under 28 U.S.C., Section 1446 has not expired.  *See,* Commercial Computer Services v. Datapoint Corp. (M.D.La. 1986) 641 F.Supp. 1579, 1581.

**WHEREFORE**, Petitioner prays the above action now pending against them in the Superior Court of the State of California for the County of Los Angeles be removed therefrom to this Honorable Court.

Dated: March 29, 2017          LARSON, GARRICK & LIGHTFOOT,  LLP

By: _____
          DARREN M. BALLAS
          Attorneys for Defendant,
          STARBUCKS CORPORATION

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C., SECTION 1441(b)

# Exhibit "A"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically
**FILED**
by Superior Court of California
County of Los Angeles on

**02/21/17**

Sherri R. Carter, Executive Officer/Clerk

By _Dawn Alexander_, Deputy

Dawn Alexander

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Starbucks Corporation and DOES 1-100 inclusively

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Rafi Haroutounian

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es:)

**CASE NUMBER**
(Número del Caso): **BC649623**

Superior Court of California, County of Los Angeles
111. N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Sevag Nigoghosian SBN 224928 Law Offices of Sevag Nigoghosian
101 N. Brand Blvd., Suite 1970 (818)956-1111
Glendale, CA 91203

DATE: 02/21/2017    Sherri R. Carter    Clerk, by    Dawn Alexander    , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): STARBUCKS CORPORATION

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): 2/27/17

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Essential Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-SCANNED

Rafi Haroutounian

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Sevag Nigoghosian SBN 224928
Law Offices of Sevag Nigoghosian
101 N. Brand Blvd., Suite 1970
Glendale, CA 91203
TELEPHONE NO. (818) 956-1111    FAX NO. (818) 956-1983
ATTORNEY FOR (Name): Plaintiff Rafi Haroutounian

**Electronically**
**FILED**
by Superior Court of California
County of Los Angeles on
**02/21/17**
Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Dawn Alexander

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111. N. Hill Street
MAILING ADDRESS: 111. N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Haroutounian v Starbucks

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC649623 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Three: Negligence, Strict Product Liability, Breach of Warranty
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 20, 2017
Sevag Nigoghosian
(TYPE OR PRINT NAME)                         ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]     *Martin Dean's* ESSENTIAL FORMS™     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

E-SCANNED

Rafi Haroutounian

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46)  *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice-
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest)  *(not civil
harassment)*  (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract  *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach-Seller
Plaintiff  *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage  *(not provisionally
complex)*  (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property  *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38)  *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court
Case Matter
Writ-Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case  *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

Martin Dean's
**ESSENTIAL FORMS**™

**CIVIL CASE COVER SHEET**

Rafi Haroutounian

E-SCANNED

QEPT 97 Hon. Benny C. Osorio A7220

**LAW OFFICES OF SEVAG NIGOGHOSIAN**
SEVAG NIGOGHOSIAN, SBN 224928
101 N. Brand Blvd., Suite 1970
Glendale, California 91203
Telephone: (818) 956-1111
Facsimile: (818) 956-1983

Attorneys for Plaintiff, RAFI HAROUTOUNIAN

**Electronically**
# FILED
by Superior Court of California
County of Los Angeles on

## 02/21/17

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Dawn Alexander

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| RAFI HAROUTOUNIAN<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION AND DOES 1-100, inclusively<br><br>Defendants. | CASE NO.  BC649623<br><br>**COMPLAINT FOR DAMAGES**<br>(Personal Injury)<br><br>**1. STRICT PRODUCTS LIABILITY**<br>**2. NEGLIGENCE**<br>**3. BREACH OF IMPLIED WARRANTY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, RAFI HAROUTOUNIAN, complains and alleges as follows:

1. Plaintiff, RAFI HAROUTOUNIAN (hereinafter "Plaintiff"/ " HAROUTOUNIAN"), is, and at all times relevant was, an individual and competent adult who, on information and belief, resides in the County of Los Angeles, State of California. HAROUTOUNIAN brings this action on his own behalf and in his individual capacity based on an incident occurring on or about September 27, 2015 on the premises of 1090 Wilshire Blvd., Los Angeles, CA 90017 inside a Starbucks location.

2. Plaintiff is informed and believes that at all times relevant, Defendant STARBUCKS CORPORATION ("STARBUCKS") is a corporation organized and existing under

1

**COMPLAINT**

FSC:08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

E-SCANNED

CASE #:BC649623 RECEIPT #: 11702223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE : EFT

DEPT 97 Hon. Benny C. Osorio A7220

BC649623

1   the laws o the state of Washington, but doing business in the state of California. Plaintiff is

2   informed and believes and on that basis alleges that STARBUCKS is the owner, operator, lessee,

3   and or otherwise responsible for the maintenance, supervision, and operation of a retail store for

4   the preparation of coffee, and/or for the making and dispensing of all coffee made at the premises.

5       3.    Plaintiff is currently unaware of the true names and capacities, whether

6   individual, corporate or otherwise, of defendants sued herein as Does 1 through 100 inclusive, and

7   therefore are sued by fictitious names. Plaintiff is informed and believes and thereon alleges that

8   each of the fictitiously named defendants are responsible in some manner for the occurrence herein

9   alleged and that the acts and omissions of the fictitiously named defendants were a proximate

10  cause of Plaintiff's injuries as hereinafter alleged. Plaintiff will seek leave to amend this Complaint

11  to allege the true names and capacities of the fictitiously named Doe defendants when their

12  identities have been ascertained.

13      4.    Plaintiff is informed and believes, and on that basis alleges, that all the facts, acts,

14  events and circumstances herein mentioned and described occurred in the County of Los Angeles,

15  State of California, and defendants are residents of the within county, State of California.

16      5.    Plaintiff is informed and believes, and on that basis alleges, that defendant is liable

17  to Plaintiff in some manner alleged herein. Plaintiff is further informed and believes, and on that

18  basis alleges, that at all times relevant herein, each defendant named in this complaint, was at all

19  times pertinent hereto, and is, the agent, servant, representative, employee, joint venturer, principal

20  and/or partner of the other co-defendant and in doing the things alleged herein, each co-defendant

21  was and is now acting within the scope and authority conferred upon that party by consent,

22  approval, and/or ratification, whether said authority was actual or apparent.

23      6.    Plaintiff is informed and believes, and on that basis alleges, that STARBUCKS is

24  now, and at all relevant times mentioned in the Complaint was, in the business of designing,

25  manufacturing, constructing, assembling, inspecting, and selling at retail, various types of coffee

26  products including, but not limited to, coffee cups and lids designed and manufactured by DOES 1-

27  100.

28  ///

FSC 08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

E-SCANNED

CASE #:BC649623 RECEIPT #: 1170223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE : EFT

2

**COMPLAINT**

DEPT 97 Hon. Benny C. Osorio A7220

BC649623

7.  Jurisdiction is unlimited because the amount in controversy exceeds $25,000.00. Venue is proper in Los Angeles County pursuant to California Code of Civil Procedure Section 395(a) because, inter alia: ( c) the wrongs complained of herein occurred in the County of Los Angeles, California.

**FACTS**

8.  On or about September 27, 2015, HAROUTOUNIAN was with his family inside the Starbucks located at 1090 Wilshire Blvd., Los Angeles, CA 90017. HAROUTOUNIAN ordered a "Venti" coffee and as he approached the counter to pick up his coffee, but before he could even grab the cup, the coffee cup burst/exploded sending hot coffee onto HAROUTOUNIAN's body causing him burns on his chest and stomach area.

9.  On or about September 27, 2015, the employees at the Starbucks location took a report of the incident and provided HAROUTOUNIAN with ointment for his burns. Furthermore, the same employees took the defective cup and would not provide it to HAROUTOUNIAN for inspection.

10.  Plaintiff is informed and believes that the coffee cup and lid that was provided to HAROUTOUNIAN are designed, manufactured and constructed in accordance to STARBUCKS's specifications.

11.  Plaintiff is informed and believes that the cup and lid used by STARBUCKS on his coffee were negligently designed, constructed, and/or manufactured such that the cup burst/exploded causing scalding hot coffee to spill onto HAROUTOUNIAN's chest and stomach causing burns to his body.

12.  Plaintiff is informed and believes that STARBUCKS knew or through the exercise of reasonable diligence should have known that its cup and lid were defectively designed, manufactured and constructed and would result in their customers having hot liquid spill and burn their body.

13.  Plaintiff is informed and believes that STARBUCKS was negligent in the use of a defective cup and lid which caused damages to HAROUTOUNIAN.

///

3

**COMPLAINT**

FSC: 08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

E-SCANNED

CASE #: BC649623 RECEIPT #: 1170223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE : EFT

DEPT 97 Hon. Benny C. Osorio A7220

BC649623

## FIRST CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY

### (AS TO ALL DEFENDANTS)

14.    PLAINTIFF repeats and incorporates herein each and every allegation contained in paragraphs 1 through 13 above as if set forth in full.

15.    Plaintiff is informed and believes, and upon that belief alleges that STARBUCKS and DOES 1-100, and each of them, negligently, carelessly, and/or recklessly designed, manufactured, constructed, distributed, failed to adequately warn and/or sold coffee in a cup and lid to customers within the commerce of California.

16.    Plaintiff is informed and believes, and upon that belief alleges that STARBUCKS and DOES 1-100, and each of them, knew or should have known through the exercise of reasonable diligence that the coffee cup and lid was defective and prone to cause injury and damages to unsuspecting customers. Furthermore, they failed to warn HAROUTOUNIAN of said defects.

17.    Plaintiff is informed and believes, and upon that belief alleges that the defective cup and lid reached HAROUTOUNIAN without substantial change in the condition in which the product was designed, manufactured, distributed, and/or sold by STARBUCKS and Does 1-100.

18.    Plaintiff is informed and believes, and upon that belief alleges that STARBUCKS and DOES 1-100, and each of them, owed a duty of care to HAROUTOUNIAN to design, manufacture, distribute and sell products that were free from potentially harmful defects and fit for their intended purpose.

19.    Plaintiff is informed and believes, and upon that belief alleges that STARBUCKS and DOES 1-100, and each of them, breached their duty to HAROUTOUNIAN by failing to sell cups and lids that were free from defect that could cause harm to the consuming public.

20.    On or about September 27, 2015, HAROUTOUNIAN used the defective cup and lid in a manner that it was intended to be used or foreseeable to be used.

21.    As a proximate and legal cause of the defects referenced above, the failure to use reasonable care to warn or give adequate instructions and/or warnings of the defective and

4

**COMPLAINT**

E-SCANNED   FSC:08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

CASE #:BC649623 RECEIPT #: 1170223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE : EFT

DEPT 97 Hon. Benny C. Osorio A7220

BC649623

1   dangerous condition of the cup and lid when used in an intended manner, HAROUTOUNIAN

2   sustained extensive past and future economic and non-economic damages, physical injuries,

3   medical expenses, emotional distress, loss of earnings, pain and suffering, and other such damages

4   all in an amount to be proven at trial.

5   <u>**SECOND CAUSE OF ACTION FOR NEGLIGENCE**</u>

6   (AS TO ALL DEFENDANTS)

7        22.    PLAINTIFF repeats and incorporates herein each and every allegation contained in

8   paragraphs 1 through 21 above as if set forth in full.

9        23.    On or about September 27, 2015, STARBUCKS and DOES 1-100, and each of them, owed

10  a duty of care to HAROUTOUNIAN to design, manufacture, construct, and distribute coffee cups and lids

11  that were safe for the consuming public. Furthermore, STARBUCKS and DOES 1-100, and each of them,

12  owed a duty to warn HAROUTOUNIAN and the consuming public of any defects of which they were

13  aware concerning the design, manufacture, construction, and distribution of coffee cups and lids that were

14  for the consuming public.

15       24.    STARBUCKS and DOES 1-100, and each of them, breached these duties by negligently

16  and carelessly designing, manufacturing, constructing, and distributing the cups and lids that were defective

17  and by failing to warn HAROUTOUNIAN of these known defects.

18       25.    STARBUCKS and DOES 1-100, and each of them, owed a duty to HAROUTOUNIAN

19  in their ownership, operation, maintenance, supervision, and/or management of the Starbucks located at

20  1090 Wilshire Blvd., Los Angeles, CA 90017 ("Premises").

21       26.    STARBUCKS and DOES 1-100, and each of them, breached this duty to

22  HAROUTOUNIAN by allowing the coffee to exist in a dangerous condition.

23       27.    As a direct and proximate result of the negligence by STARBUCKS and DOES 1-100,

24  HAROUTOUNIAN sustained extensive economic and non-economic damages, physical injuries, past and

25  future medical expenses, emotional distress, pain and suffering and other such damages all in an amount

26  to be proven at trial.

27  ///

28

5

**COMPLAINT**

E-SCANNED

FSC: 08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

CASE #:BC649623 RECEIPT #: 1170223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE : EFT

DEPT 97 Hon. Benny C. Osorio A7220

BC649623

## THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY

### (AS TO ALL DEFENDANTS)

28.    PLAINTIFF repeats and incorporates herein each and every allegation contained in paragraphs 1 through 27 above as if set forth in full.

29.    HAROUTOUNIAN was the end user of the cup and lid Manufactured by STARBUCKS and DOES 1-100. HAROUTOUNIAN alleges that the cup and lid were not of the same quality as those generally acceptable in the trade, was not fit for ordinary purposes for which such products are used, was not adequately labeled as such, and did not measure up to the promises or facts stated in sales literature and communications by and from STARBUCKS and DOES 1-100.

30.    STARBUCKS and DOES 1-100 impliedly warranted that the cup and lid which they designed, manufactured, assembled, promoted, and sold was merchantable, fit and safe for ordinary use.

31.    STARBUCKS and DOES 1-100 impliedly warranted that the cup and lid which they marketed, designed, manufactured, assembled, tested, inspected, promoted, distributed, fabricated, and sold was fit for the particular purpose for which it was intended and sold.

32.    Contrary to these warranties, the cup and lid were defective, unmerchantable, and unfit for its ordinary use when sold and unfit for the particular purpose for which they were sold. As such, STARBUCKS and DOES 1-100 breached their implied warranties.

33.    As a result of STARBUCKS and DOES 1-100's breach, HAROUTOUNIAN suffered damages according to proof at the time of trial.

///
///
///
///
///
///
///

E-SCANNED

FSC:08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

CASE #:BC649623 RECEIPT #: 1170223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE: EFT

**COMPLAINT**

DEPT 97 Hon. Benny C. Osorio A7220

BC649623

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants as follows:

1.      For special damages according to proof;

2.      For general damages and interest according to proof;

3.      For reasonable attorney fees according to proof;

4.      For costs of suit incurred herein;

5.      For all medical and incidental expenses according to proof;

6.      For prejudgment interest according to proof;

7.      For loss of consortium;

8.      For loss of earnings and/or earning capacity; and

9.      For other such relief as the Court may deem just and proper.

DATED: February 20, 2017             LAW OFFICES OF SEVAG NIGOGHOSIAN

By: _____
     Sevag Nigoghosian
     Attorneys for Plaintiff RAFI HAROUTOUNIAN

7

**COMPLAINT**

FSC: 08/07/18 TRIAL: 08/21/18 OSC.: 02/21/20

E-SCANNED

CASE #: BC649623 RECEIPT #: 1170223D3327 DATE PAID : 02/23/17 11:34 AM TOTAL : 435.00 TYPE : EFT

| SHORT TITLE: Haroutounian v Starbucks | CASE NUMBER: BC649623 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

Step 1: After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

Step 2: In Column B, check the box for the type of action that best describes the nature of the case.

Step 3: In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C  Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | | | |
| Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | | |
| Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☒ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

Rafi Haroutounian

| SHORT TITLE: Haroutounian v Starbucks | CASE NUMBER BC649623 |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ | A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ | A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ | A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ ☐ | A6017  Legal Malpractice <br> A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 <br> 1, 2, 3 |
| | Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ | A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ ☐ | A6024  Other Employment Complaint Case <br> A6109  Labor Commissioner Appeals | 1, 2, 3 <br> 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ <br> ☐ ☐ ☐ | A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) <br> A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) <br> A6019  Negligent Breach of Contract/Warranty (no fraud) <br> A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5 <br> 2, 5 <br> 1, 2, 5 <br> 1, 2, 5 |
| | Collections (09) | ☐ ☐ ☐ | A6002  Collections Case-Seller Plaintiff <br> A6012  Other Promissory Note/Collections Case <br> A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 <br> 5, 11 <br> 5, 6, 11 |
| | Insurance Coverage (18) | ☐ | A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ ☐ ☐ | A6009  Contractual Fraud <br> A6031  Tortious Interference <br> A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5 <br> 1, 2, 3, 5 <br> 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ | A7300  Eminent Domain/Condemnation     Number of parcels | 2, 6 |
| | Wrongful Eviction (33) | ☐ | A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ ☐ ☐ | A6018  Mortgage Foreclosure <br> A6032  Quiet Title <br> A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 <br> 2, 6 <br> 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ | A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Rafi Haroutounian

E-SCANNED

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Haroutounian v Starbucks | | BC649623 |

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C   Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate<br>(02) | ☐ A6151<br>☐ A6152<br>☐ A6153 | Writ - Administrative Mandamus<br>Writ - Mandamus on Limited Court Case Matter<br>Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review<br>(39) | ☐ A6150 | Other Writ/Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect<br>(10) | ☐ A6007 | Construction Defect | 1, 2, 3 |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation<br>(28) | ☐ A6035 | Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141<br>☐ A6160<br>☐ A6107<br>☐ A6140<br>☐ A6114<br>☐ A6112 | Sister State Judgment<br>Abstract of Judgment<br>Confession of Judgment (non-domestic relations)<br>Administrative Agency Award (not unpaid taxes)<br>Petition/Certificate for Entry of Judgment on Unpaid Tax<br>Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030<br>☐ A6040<br>☐ A6011<br>☐ A6000 | Declaratory Relief Only<br>Injunctive Relief Only (not domestic/harassment)<br>Other Commercial Complaint Case (non-tort/non-complex)<br>Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121<br>☐ A6123<br>☐ A6124<br>☐ A6190<br>☐ A6110<br>☐ A6170<br>☐ A6100 | Civil Harassment<br>Workplace Harassment<br>Elder/Dependent Adult Abuse Case<br>Election Contest<br>Petition for Change of Name/Change of Gender<br>Petition for Relief from Late Claim Law<br>Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Rafi Haroutounian

| SHORT TITLE | CASE NUMBER |
|---|---|
| Haroutounian v Starbucks | BC649623 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☒11. | 1090 Wilshire Blvd |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 20, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04
Essential Forms

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Rafi Haroutounian

E-SCANNED

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

### Case Number BC649623

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Benny C. Osorio | Department 97 | 630 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on   02/23/17   SHERRI R. CARTER, Executive Officer/Clerk

By Admin Admin Deputy Clerk

LACIV  PI  190 (Rev. 09/15)
LASC Approved .05-06

## NOTICE OF CASE ASSIGNMENT

## UNLIMITED CIVIL CASE

E-SCANNED

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 2 6 2015

SHERRIR.CART   EXECUTIVE OFFICER/ CLeRK

(J. BY C. CASAREZ DEP. PUT)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, and 97), | Case No.: _____ |
| | THIRD AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of January 26, 2015) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS April 4, 2014 AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

I. PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine*, and the authentication and admissibility of exhibits.

E-SCANNED

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.   TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B.   MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion *in limine* shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.   JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury.  Local Rule 3.25(i)(4).

E-SCANNED

1/26/1

**D.     JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness.  The parties/counsel shall identify and all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

**E.     LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The Joint List of Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.     JURY INSTRUCTIONS (JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury with the instruction number, title and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party.).

E-SCANNED

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form. Local Rule 3.25(i)(7) and (8).

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.  EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4.  TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as follows:

Tab A: Trial Briefs

Tab B: Motions *in limine*

Tab C: Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

E-SCANNED

Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F: Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

1/26/1

E-SCANNED

**FILED**

LOS ANGELES SUPERIOR COURT

FEB 2 5 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

In re Personal Injury Cases Assigned to the   )    Case No.:
Personal Injury Courts;                      )    SIXTH AMENDED GENERAL
(CENTRAL DISTRICT)                     )    ORDER RE PERSONAL INJURY
                                         )    COURT ("PI Court") PROCEDURES,
                                         )    CENTRAL DISTRICT
_____ )    (Effective as of February 22, 2016)

---

**DEPARTMENT:**      91      92      93      97      98

**FINAL STATUS CONFERENCE ("FSC"):**

     •    Date: _____ at 10:00 a.m.

**TRIAL:**

     •    Date: _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

     •    Date: _____ at 8:30 a.m.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California

Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los

Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

THE September 18, 2015 AMENDED GENERAL ORDER AND GENERALLY

Central District
2/22/2106

E-SCANNED

FSC: 08/07/18 TRIAL: 08/21/18 OSC : 02/21/20

ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse.  LASC initially opened three Personal Injury Courts ("PI Courts" – Departments 91, 92 and 93), on January 6, 2014, a fourth (Department 97), and on September 28, 2015 a fifth (Department 98) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One), to manage the assignment of trials to dedicated Trial Courts located countywide.  Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters.  The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1.     To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   Local Rule 2.3(a)(1)(A).

2

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐ A7260 Product Liability (not asbestos or toxic/environmental)

☐ A7210 Medical Malpractice – Physicians & Surgeons

☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐ A7250 Premises Liability (e.g., slip and fall)

☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

**FILING OF DOCUMENTS**

2.      Parties may file documents in person at the filing window, via US Mail, or *as of March 1, 2106*, through e-Delivery, which is available online at www.lacourt.org (link on homepage). Please note that filings are no longer accepted via facsimile and must be filed either in person

3

E-SCANNED

or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, Requests to Waive Court Fees (FW-001) and Requests for Accommodations by Persons with Disabilities (MC-410), may not be filed via e-Delivery.

## SERVICE OF SUMMONS AND COMPLAINT

3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than three years from the date when the complaint is filed.  C. C. P. § 583.210, subd. (a).  On the OSC re Dismissal date noted above, the PI Court will dismiss **the action and/or** all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4.     The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5.     . The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

## STIPULATIONS TO CONTINUE TRIAL

6.     Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change.  To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial,

E-SCANNED

FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date. Code Civ. Proc., § 595.2; Govt. Code § 70617, subd. (c)(2). In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties may submit a maximum of two stipulations to continue trial, the first for a maximum of four months, the second for a maximum of two months. A third request to continue trial will only be granted upon a showing of good cause, by ex parte application or noticed motion. This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

**NO CASE MANAGEMENT CONFERENCES**

7.      The PI Courts do not conduct Case Management Conferences. The parties need not file a Case Management Statement.

**LAW AND MOTION**

**ANY DOCUMENTS WITH DECLARATIONS AND/OR EXHIBITS MUST BE TABBED. CRC §3.1110(f)**

**ALL DEPOSITION EXCERPTS REFERENCED IN BRIEFS MUST BE MARKED ON THE TRANSCRIPTS ATTACHED AS EXHIBITS. CRC §3.1116(c)**

> ***If your filing is not tabbed or depositions are not marked, do not file without the tabs or marked depositions unless today is the last day for filing. If so, you must file a tabbed/marked copy with the clerk in the department where your motion will be heard within 2 court days.***

Central District
2/22/2106

E-SCANNED

**Chambers Copies Required**

8.    In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts.  The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

9.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

10.   California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not

Central District
2/22/2106

E-SCANNED

1  needlessly prepare tentative rulings on demurrers.

2

3  **Discovery Motions**

4  11.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

5  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or

6  another attorney with full authority to make binding agreements, must attend in person.  The

7  PI judges have found that, in nearly every case, the parties amicably resolve disputes with the

8

9  assistance of the Court.

10  12.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

11  Discovery will be heard, unless, the moving party submits evidence, by way of declaration,

12  that the opposing party has failed or refused to participate in an IDC.  Scheduling or

13  participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure

14  for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC

15  before a motion is filed because the IDC may avoid the necessity of a motion or reduce its

16  scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or

17  60) day deadline for filing a motion to compel further discovery responses in order to allow

18  time to participate in an IDC.  If parties do not stipulate to extend the deadlines, the moving

19  party may file the motion to avoid it being deemed untimely.  However, the IDC must take

20  place before the motion is heard so it is suggested that the moving party reserve a date for the

21  motion hearing that is at least 60 days after the date when the IDC reservation is made.  Motions

22  to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive,

23  the moving party may advance the hearing on a Motion to Compel Further Discovery

24

25

26

27

E-SCANNED

Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

13.     Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC Form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

14.     Time permitting; the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**Ex Parte Applications**

15.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." Cal. Rules of Court, Rule 3.1202(c). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and stipulate with all parties to continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

8                                              Central District
                                               2/22/2106

on the court's website, PI Court Tab).   Counsel should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

16.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated." In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

17.     Parties opposing a motion to transfer have five court days to file (in Room 102) an Opposition (using the same LACIV 238 Motion to Transfer form).

18.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

19.     Parties shall comply with the requirements of the PI Courts' "Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

20.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c))

9

Central District
2/22/2.1.06

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Sevag Nigoghosian<br>SBN 224928<br>Law Offices of Sevag Nigoghosian<br>101 N. Brand Blvd., Suite 1970<br>Glendale, CA 91203 | (818) 956-1111<br>(818) 956-1983 | |

ATTORNEY FOR *(Name)*: Plaintiff Rafi Haroutounian

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
   STREET ADDRESS: 111 N. Hill Street
   MAILING ADDRESS: 111 N. Hill Street
   CITY AND ZIP CODE: Los Angeles, CA 90012
   BRANCH NAME: Central

PLAINTIFF: Rafi Haroutounian
DEFENDANT: Starbucks Corporation

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>BC649623 |
|---|---|

To *(name of one defendant only)*: Starbucks Corporation.
Plaintiff *(name of one plaintiff only)*: Rafi Haroutounian
seeks damages in the above-entitled action, as follows:

                                                                                                AMOUNT
1. General damages
   a. [X] Pain, suffering, and inconvenience .................................................... $ _____ 500,000
   b. [X] Emotional distress ............................................................................ $ _____ 500,000
   c. [ ] Loss of consortium ........................................................................... $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ... $ _____
   e. [ ] Other *(specify)* ............................................................................... $ _____
   f. [ ] Other *(specify)* ............................................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. Special damages
   a. [X] Medical expenses *(to date)* ........................................................... $ _____ 10,000
   b. [X] Future medical expenses *(present value)* ...................................... $ _____ 100,000
   c. [X] Loss of earnings *(to date)* ............................................................. $ _____ Unknown
   d. [ ] Loss of future earning capacity *(present value)* ............................. $ _____
   e. [ ] Property damage .............................................................................. $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* .............................. $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ... $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [ ] Other *(specify)* ............................................................................... $ _____
   j. [ ] Other *(specify)* ............................................................................... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* $ _____
       when pursuing a judgment in the suit filed against you.

Date: February 23, 2017

Sevag Nigoghosian
_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)          ► _____
                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 (Rev. January 1, 2007)
Martin Dean's
ESSENTIAL FORMS™

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Rafi Haroutounian

# Exhibit "B"

MC–005

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arnold D. Larson, Esq. (SBN 77118)<br>Mary P. Lightfoot, Esq. (SBN 137477)<br>LARSON, GARRICK & LIGHTFOOT, LLP<br>801 S. Figueroa Street, Suite 1750, Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 404-4100    FAX NO. *(Optional)*: (213) 404-4123<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendant, STARBUCKS CORPORATION | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE |
| PLAINTIFF/PETITIONER: RAFI HAROUTOUNIAN |
| DEFENDANT/RESPONDENT: STARBUCKS CORPORATION |

| FACSIMILE TRANSMISSION COVER SHEET | CASE NUMBER:<br>BC649623 |
|---|---|

**TO THE COURT:**

1. **Please file** the following transmitted documents in the order listed below:

<u>Document name</u>                                                                                                    <u>No. of pages</u>

DEFENDANT, STARBUCKS CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES                 4

PLEASE RETURN A CONFORMED FACE PAGE TO FAX NO.: (213) 404-4123
With a receipt for total fees charged.  Thank you.

2. ☐ **Processing instructions** consisting of: _____ pages are also transmitted.

3. ☑ **Fee required**    ☑ Filing fee    ☑ Fax fee (Cal. Rules of Court, rule 10.815)
   a. ☑ **Credit card payment** I authorize the above fees and any amount imposed by the card issuer or draft purchaser to be charged to the following account:
      ☑ VISA    ☐ MASTERCARD    Account No.: 4798510051821284    Expiration date: 01/20

   Madeleine Fontillas                                                        ▶ *[signature]*
   (TYPE OR PRINT NAME OF CARDHOLDER)                                          (SIGNATURE OF CARDHOLDER)

   b. ☐ **Attorney account** (Cal. Rules of Court, rule 2.304). Please charge my account no.:

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-005 [Rev. January 1, 2007] | **FACSIMILE TRANSMISSION COVER SHEET**<br>**(Fax Filing)** | Cal. Rules of Court, rule 2.304<br>*www.courtinfo.ca.gov* |
|---|---|---|

**From:** MyFax <NoReply@MyFax.com>
**Sent:** Tuesday, March 28, 2017 11:42 AM
**To:** Maria Dimas
**Subject:** Fax Delivery Successful to 14422473751
**Attachments:** 811032436.tif



## Successful fax sent from MyFax.

Fax for Free.
<u>Tell a friend about
MyFax today.</u>

Have a question?
<u>support@myfax.com</u>

| | |
|---|---|
| Fax Delivery Number: | 14422473751 |
| Fax Recipient: | To:Haroutounian - Ans to Complaint |
| Sent at: | 03/28/2017 11:42:12 AM (GMT-7:00) |
| Pages: | 5 |
| Duration: | 193 |
| Cost: | 0.0000 USD |
| Tax - GST: | 0.0000 USD |
| Tax - PST: | 0.0000 USD |
| Total Cost: | 0.0000 USD |
| Customer Number: | 1116952 |
| Reference Number: | 811032436 |
| Billing Code: | 1116952 |
| Remote CSID: | LA Superior Court |

Thank you for using *myfax*.

1   Arnold D. Larson, Esq., (State Bar No. 77118)
    Mary P. Lightfoot, Esq., (State Bar No. 137477)
2   **LARSON, GARRICK & LIGHTFOOT, LLP**
    801 S. Figueroa Street, Suite 1750
3   Los Angeles, California  90017
    Tel: (213) 404-4100 / Fax: (213) 404-4123
4
5   Attorneys for Defendant, STARBUCKS CORPORATION

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11   RAFI HAROUTOUNIAN, | CASE NO.:  BC-649623 |
| 12           Plaintiff, | Judge:  Hon. Benny C. Osorio, Dept. 97 |
| 13        vs. | |
| 14   STARBUCKS CORPORATION AND DOES | **DEFENDANT, STARBUCKS** |
| 15   1-100, inclusively, | **CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| 16           Defendants. | |
| 17 | Complaint Filed:   February 21, 2017 |
| 18 | FSC Date:          August 7, 2018 |
| | Trial Date:         August 21, 2018 |

19

20          Defendant, Starbucks Corporation (hereinafter collectively "Defendant") by and through

21   its attorneys of record, Larson, Garrick & Lightfoot, LLP, answers Plaintiff's Complaint, and

22   each and every cause of action alleged therein, as follows:

23          Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

24   Defendant denies each and every matter, fact and allegation contained in the Complaint, both

25   generally and specifically. The answering Defendant specifically denies that Plaintiff was injured or

26   damaged in any sum or any amount, or at all, by reason of any negligent or intentional act or

27   omission to act on the part of Defendant or its employees or agents, whether as alleged in the

28   Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to each of the causes of action in Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause or causes of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to take all reasonable and necessary care and diligence to mitigate the damages alleged in each of the causes of action set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the incident that is the subject matter of the Complaint was caused or brought about by a person or persons (including, if proven by investigation and discovery, Plaintiff, Rafi Haroutounian, and known or unknown third parties) other than Defendant and over whom Defendant had neither control nor the right to control, or resulted from some independent cause, phenomenon or misadventure beyond the control of Defendant and for which Defendant is not liable. Defendant asserts the defense of superseding intervening cause.

### FOURTH AFFIRMATIVE DEFENSE

To the extent there was an abuse, alteration, misuse or unintended use of a product by Plaintiff, or others, which was without Defendant's knowledge or approval and was a proximate cause of the injury or damage alleged in the Complaint, then, to that same extent, such abuse, alteration, misuse or unintentional use shall bar recovery against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff against Defendant is barred, diminished or reduced in that Plaintiff has failed to join all indispensable parties, and, therefore complete relief cannot be afforded to the parties in this action and will result in prejudice in any future litigation.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and on that basis alleges, that Plaintiff negligently, recklessly, carelessly or knowingly failed to exercise ordinary care, caution or prudence relating to the

matters alleged in the Complaint, so that the injuries and damages allegedly sustained by Plaintiff and his consequent damages were proximately caused and contributed to by the negligence or recklessness of Plaintiff. If so, any recovery by Plaintiff for damages must be offset or reduced in accordance with the doctrine of comparative negligence.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff was injured or damaged as alleged in the Complaint, such injuries or damages were caused or contributed to by persons or entities other than Defendant, and the relative fault of all such persons or entities must be determined so that the liability, if any, of Defendant, to Plaintiff may be apportioned or set off on a comparative fault basis in accordance with the provisions of Civil Code, § 1431.2(a).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this pleading to include further affirmative defenses pending further discovery and investigation.

**WHEREFORE,** Defendant prays for judgment as follows:

a.      That Plaintiff takes nothing by way of the Complaint filed herein;

b.      That judgment be rendered in favor of Defendant, and Defendant be awarded its costs of suit;

c.      That the trier of fact reduce the amount of damages assessed against Defendant, if any, in accordance with the doctrine of comparative fault; and

d.      For such other and further relief as this Court may deem just and proper.

Dated:  March 28, 2017                           LARSON, GARRICK & LIGHTFOOT, LLP


By: _____
                                       MARY E. LIGHTFOOT
                                       Attorneys for Defendant,
                                       STARBUCKS CORPORATION

STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1                          **PROOF OF SERVICE**

2              **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is:  801 S. Figueroa Street, Suite

4 1750, Los Angeles, California 90017.

5          On the date specified herein below, I served the foregoing document, described herein, on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s), Los

6 Angeles, California, addressed as follows:

7                          Sevag Nigoghosian, Esq.

8            LAW OFFICES OF SEVAG NIGOGHOSIAN
               101 North Brand Blvd., Suite 1970

9                      Glendale, CA 91203
          Tel: (818) 956-1111 / Fax: (818) 956-1983

10           *~ Attorneys for Plaintiff Rafi Haroutounian*

11 Date of Service:        March 28, 2017

12 Document Served:    **DEFENDANT, STARBUCKS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR**

13                      **DAMAGES**

14 **X**     **(REGULAR MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

15

16       I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postage service on that same day in the ordinary course

17 of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in

18 affidavit.

19 **—**     **BY PERSONAL SERVICE** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) pursuant to C.C.P. §1011.

20 **—**     **BY FEDERAL EXPRESS** Pursuant to California <u>Code of Civil Procedure</u> §1013(c).

21 **—**     **BY FACSIMILE** By sending a copy of said document by facsimile machine for instantaneous transmittal via telephone line to the offices of the addressee(s) listed on the

22 attached service list using the facsimile number(s) listed on the service list.

23 **X**     **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25 Executed at Los Angeles, California on March 28, 2017.

26

27                         _____
                         Maria C. Dimas

28

# Exhibit "C"

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Sevag Nigoghosian<br>SBN 224928<br>Law Offices of Sevag Nigoghosian<br>101 N. Brand Blvd., Suite 1970<br>Glendale, CA 91203 | (818) 956-1111<br>(818) 956-1983 | |

ATTORNEY FOR (Name): Plaintiff Rafi Haroutounian

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
    STREET ADDRESS: 111 N. Hill Street
    MAILING ADDRESS: 111 N. Hill Street
    CITY AND ZIP CODE: Los Angeles, CA 90012
    BRANCH NAME: Central

PLAINTIFF: Rafi Haroutounian
DEFENDANT: Starbucks Corporation

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>BC649623 |
|---|---|

To (name of one defendant only): Starbucks Corporation
Plaintiff (name of one plaintiff only): Rafi Haroutounian
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. | **General damages** | |
| | a. [X] Pain, suffering, and inconvenience | $ 500,000 |
| | b. [X] Emotional distress | $ 500,000 |
| | c. [ ] Loss of consortium | $ |
| | d. [ ] Loss of society and companionship (wrongful death actions only) | $ |
| | e. [ ] Other (specify) | $ |
| | f. [ ] Other (specify) | $ |
| | g. [ ] Continued on Attachment 1.g. | |
| 2. | **Special damages** | |
| | a. [X] Medical expenses (to date) | $ 10,000 |
| | b. [X] Future medical expenses (present value) | $ 100,000 |
| | c. [X] Loss of earnings (to date) | $ Unknown |
| | d. [ ] Loss of future earning capacity (present value) | $ |
| | e. [ ] Property damage | $ |
| | f. [ ] Funeral expenses (wrongful death actions only) | $ |
| | g. [ ] Future contributions (present value) (wrongful death actions only) | $ |
| | h. [ ] Value of personal service, advice, or training (wrongful death actions only) | $ |
| | i. [ ] Other (specify) | $ |
| | j. [ ] Other (specify) | $ |
| | k. [ ] Continued on Attachment 2.k. | |

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify)  $ _____
    when pursuing a judgment in the suit filed against you.

Date: February 23, 2017

Sevag Nigoghosian
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Rafi Haroutounian