Mary P. Lightfoot, Esq., (State Bar No. 137477)
mlightfoot@lgl-law.com
Darren M. Ballas, Esq., (State Bar No. 198584)
dballas@lgl-law.com
**LARSON, GARRICK & LIGHTFOOT, LLP**
801 S. Figueroa Street, Suite 1750
Los Angeles, California 90017
Tel: (213) 404-4100 / Fax: (213) 404-4123

Attorneys for Defendant, STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFI HAROUTOUNIAN,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION AND DOES 1-100, inclusively<br><br>Defendants. | CASE NO.:  2:17-cv-02422 GW (ASx)<br><br>Judge: Hon. George H. Wu, Courtroom 9D<br><br>**NOTICE OF SUBMISSION OF CONFORMED COPY OF DEFENDANT STARBUCKS CORPORATION'S STATE COURT ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  February 21, 2017 |

Starbucks Corporation hereby submits for this Court's file, a conformed copy of Starbucks Corporation's state court Answer that was filed on March 28, 2017 in the Los Angeles County Superior Court, prior to the removal of this case on the basis of diversity jurisdiction. This conformed copy was not available at the time of removal on March 29, 2017.

Dated: May 8, 2017

LARSON, GARRICK & LIGHTFOOT, LLP

By: _/s/ M Lightfoot_____
MARY P. LIGHTFOOT
Attorneys for Defendant,
STARBUCKS CORPORATION

| | |
|---|---|
| 1 | Arnold D. Larson, Esq., (State Bar No. 77118) |
|   | Mary P. Lightfoot, Esq., (State Bar No. 137477) |
| 2 | **LARSON, GARRICK & LIGHTFOOT, LLP** |
|   | 801 S. Figueroa Street, Suite 1750 |
| 3 | Los Angeles, California 90017 |
|   | Tel: (213) 404-4100 / Fax: (213) 404-4123 |
| 4 | |
| 5 | Attorneys for Defendant, STARBUCKS CORPORATION |

[Filed stamp: Superior Court of California, County of Los Angeles, MAR 28 2017, Sherri R. Carter, Executive Officer/Clerk, By Nancy Alvarez, Deputy]

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| RAFI HAROUTOUNIAN, | CASE NO.: BC-649623 |
| Plaintiff, | Judge: Hon. Benny C. Osorio, Dept. 97 |
| vs. | |
| STARBUCKS CORPORATION AND DOES 1-100, inclusively, | **DEFENDANT, STARBUCKS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| Defendants. | |
| | Complaint Filed:  February 21, 2017 |
| | FSC Date:         August 7, 2018 |
| | Trial Date:       August 21, 2018 |

Defendant, Starbucks Corporation (hereinafter collectively "Defendant") by and through its attorneys of record, Larson, Garrick & Lightfoot, LLP, answers Plaintiff's Complaint, and each and every cause of action alleged therein, as follows:

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies each and every matter, fact and allegation contained in the Complaint, both generally and specifically. The answering Defendant specifically denies that Plaintiff was injured or damaged in any sum or any amount, or at all, by reason of any negligent or intentional act or omission to act on the part of Defendant or its employees or agents, whether as alleged in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to each of the causes of action in Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause or causes of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to take all reasonable and necessary care and diligence to mitigate the damages alleged in each of the causes of action set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the incident that is the subject matter of the Complaint was caused or brought about by a person or persons (including, if proven by investigation and discovery, Plaintiff, Rafi Haroutounian, and known or unknown third parties) other than Defendant and over whom Defendant had neither control nor the right to control, or resulted from some independent cause, phenomenon or misadventure beyond the control of Defendant and for which Defendant is not liable. Defendant asserts the defense of superseding intervening cause.

### FOURTH AFFIRMATIVE DEFENSE

To the extent there was an abuse, alteration, misuse or unintended use of a product by Plaintiff, or others, which was without Defendant's knowledge or approval and was a proximate cause of the injury or damage alleged in the Complaint, then, to that same extent, such abuse, alteration, misuse or unintentional use shall bar recovery against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff against Defendant is barred, diminished or reduced in that Plaintiff has failed to join all indispensable parties, and, therefore complete relief cannot be afforded to the parties in this action and will result in prejudice in any future litigation.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and on that basis alleges, that Plaintiff negligently, recklessly, carelessly or knowingly failed to exercise ordinary care, caution or prudence relating to the

matters alleged in the Complaint, so that the injuries and damages allegedly sustained by Plaintiff and his consequent damages were proximately caused and contributed to by the negligence or recklessness of Plaintiff. If so, any recovery by Plaintiff for damages must be offset or reduced in accordance with the doctrine of comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff was injured or damaged as alleged in the Complaint, such injuries or damages were caused or contributed to by persons or entities other than Defendant, and the relative fault of all such persons or entities must be determined so that the liability, if any, of Defendant, to Plaintiff may be apportioned or set off on a comparative fault basis in accordance with the provisions of Civil Code, § 1431.2(a).

### EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this pleading to include further affirmative defenses pending further discovery and investigation.

WHEREFORE, Defendant prays for judgment as follows:

a. That Plaintiff takes nothing by way of the Complaint filed herein;

b. That judgment be rendered in favor of Defendant, and Defendant be awarded its costs of suit;

c. That the trier of fact reduce the amount of damages assessed against Defendant, if any, in accordance with the doctrine of comparative fault; and

d. For such other and further relief as this Court may deem just and proper.

Dated: March 28, 2017                    LARSON, GARRICK & LIGHTFOOT, LLP

By: _____
MARY P. LIGHTFOOT
Attorneys for Defendant,
STARBUCKS CORPORATION

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is: 801 S. Figueroa Street, Suite 1750, Los Angeles, California 90017.

On the date specified herein below, I served the foregoing document, described herein, on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s), Los Angeles, California, addressed as follows:

> Sevag Nigoghosian, Esq.
> LAW OFFICES OF SEVAG NIGOGHOSIAN
> 101 North Brand Blvd., Suite 1970
> Glendale, CA 91203
> Tel: (818) 956-1111 / Fax: (818) 956-1983
> *~ Attorneys for Plaintiff Rafi Haroutounian*

Date of Service:        March 28, 2017

Document Served:   **DEFENDANT, STARBUCKS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

__X__   **(REGULAR MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postage service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

__   **BY PERSONAL SERVICE** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s) pursuant to C.C.P. §1011.

__   **BY FEDERAL EXPRESS** Pursuant to California Code of Civil Procedure §1013(c).

__   **BY FACSIMILE** By sending a copy of said document by facsimile machine for instantaneous transmittal via telephone line to the offices of the addressee(s) listed on the attached service list using the facsimile number(s) listed on the service list.

__X__   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles, California on March 28, 2017.

*/s/ Maria C. Dimas*
Maria C. Dimas

LARSON, GARRICK
& LIGHTFOOT, LLP

1

PROOF OF SERVICE

# CERTIFICATE OF SERVICE

I certify that on May 8, 2017, I caused for service the following document(s):

**NOTICE OF LODGING COPY OF DEFENDANT STARBUCKS CORPORATION'S CONFORMED ANSWER TO COMPLAINT**

___ **(REGULAR MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postage service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

__X__ **(BY ELECTRONIC FILING)** I am familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Under said practice, the following CM/ECF users were served:

Sevag Nigoghosian, Esq.
LAW OFFICES OF SEVAG NIGOGHOSIAN
101 N. Brand Boulevard, Suite 1970
Glendale, CA 91203
Tel: (818) 956-1111 / Fax: (818) 956-1983
~ *Attorneys for Plaintiff RAFI HAROUTOUNIAN*

_____
**Maria C. Dimas**